UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TROY JENNINGS,

    Petitioner,

v.                                     Case No. 5:10-cv-209-Oc-30GRJ

WARDEN, FCC COLEMAN- USP II,

    Respondent.
_____

## ORDER DISMISSING PETITION

Petitioner, *pro se*, initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). The Petitioner is a federal prisoner at the Coleman Federal Correctional Complex, serving a sentence imposed by the United States District Court for the Eastern District of New York. Petitioner is challenging the validity of his sentence. As relief requested, Petitioner seeks an order from this Court granting Petitioner a new trial.

Petitioner attacks the validity of his sentence rather than the means of execution. Petitioner has unsuccessfully pursued this relief in the sentencing court on prior occasions. See e.g., Jennings v. United States of America, case no. 1:09cv05681 (dismissing petition has patently frivolous). Further, Petitioner raised the same claims in the recent case Jennings v. Warden, case no. 5:10cv173. Thus,

the instant Petition is successive and an abuse of the writ.[1]

Pursuant to Habeas Rule 4[2], "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court" the Court must dismiss the petition and it is unnecessary to serve the Petition on the Respondent. The Court has determined that it is plain that Petitioner is not entitled to relief in this case, and accordingly the Court will not order service of the Petition.

Accordingly, the Petition under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED.** The Clerk is directed to terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE** and **ORDERED** in Tampa, Florida on June 11, 2010.

*/s/ James S. Moody, Jr.*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

cc: Troy Jennings

---

[1] See Glumb v. Honsted, 891 F.2d 872, 873 (11th Cir. 1990) (previously adjudicated issues are barred by the successive writ rule and the abuse of the writ doctrine).

[2] Rules Governing Habeas Corpus Cases Under Section 2254. Pursuant to Habeas Rule 1(b), the Court has the discretion to apply the Habeas Rules to other habeas corpus petitions.